# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY FOX, | ) CASE NO. 2:24cv006353 |
| Plaintiff, | ) |
| | ) **JUDGE KELLEY B. HODGE** |
| v. | ) |
| CANNONDALE BICYCLE CORPORATION a/k/a CANNONDALE, *et al*. | ) **JURY DEMAND ENDORSED HEREON** |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES FOR DEFENDANT RECREATIONAL EQUIPMENT, INC.

Defendant Recreational Equipment, Inc. ("REI") for its Answer to Plaintiff's Complaint, state as follows:

1. Plaintiff, Jeffrey Fox, brings this products liability action against Defendants Cannondale, Recreational Equipment, Inc., and REI Co-Op Stores, as a result of an incident involving on or about August 21, 2022.

**ANSWER: The allegations contained in Paragraph 1 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies the same.**

2. Plaintiff, Jeffrey Fox suffered severe injuries from Defendants' defective product, more fully described herein.

**ANSWER: REI denies the allegations contained in Paragraph 2 of the Complaint.**

3. Plaintiff, Jeffrey Fox, is an adult citizen of the Commonwealth of Pennsylvania residing at 317 Elias Court, Plymouth Meeting, PA 19462.

**ANSWER**: The allegations contained in Paragraph 3 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore denies the same.

4. Defendant, Cannondale Bicycle Corporation ("Cannondale") is a Connecticut corporation authorized to do business in the Commonwealth of Pennsylvania.

**ANSWER**: The allegations contained in Paragraph 4 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5. Defendant Cannondale is the registered owner of the Cannondale brand and is responsible for the designing, manufacturing, testing, assembling, marketing, distributing and selling the bicycle as described in this Complaint.

**ANSWER**: The allegations contained in Paragraph 5 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies the same.

6. Defendant Cannondale regularly conducts business in the Commonwealth of Pennsylvania.

**ANSWER**: The allegations contained in Paragraph 6 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies the same.

7. Defendant, REI LLC ("REI") is a Washington corporation authorized to do business in the Commonwealth of Pennsylvania with offices located at 1700 45th Street E, Sumner, WA 98352.

**ANSWER: REI denies that it is a limited liability company. REI admits the remaining allegations contained in Paragraph 7 of the Complaint.**

8. Defendant REI is responsible for the performing of repairs on the bicycle described in this Complaint.

**ANSWER: REI admits that it performed work on the subject bicycle on September 6, 2022.**

9. Defendant REI regularly conducts business in the Commonwealth of Pennsylvania.

**ANSWER: Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, REI admits that it has retail stores within the Commonwealth of Pennsylvania.**

10. Defendant, REI Co-Op Store is a Pennsylvania corporation authorized to do business in the Commonwealth of Pennsylvania with offices at 200 Ridge Pike, Suite 115, Conshohocken, PA 19428.

**ANSWER: REI denies the allegations contained in Paragraph 10 of the Complaint. Defendant REI Co-Op Store is a fictitious name. As such, REI Co-Op Store is not a distinct legal entity, not authorized to conduct business in the Commonwealth of Pennsylvania, and should not be a party to this litigation.**

11. Defendant REI Co-Op Store performed repairs on the bicycle described in this Complaint.

**ANSWER: REI denies the allegations contained in Paragraph 11 of the Complaint.**

12. Defendant REI Co-Op Store regularly conducts business in the Commonwealth of Pennsylvania.

**ANSWER: REI denies the allegations contained in Paragraph 12 of the Complaint.**

13.     Jeffrey Fox purchased a Cannondale bicycle serial #HA81263 model Habit Carbon 2 on/or about September 26, 2017, from Keswick Cycle.

**ANSWER: The allegations contained in Paragraph 13 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies the same.**

14.     On/or about December 21, 2021, the linkage and/or rear suspension link assembly failed and was repaired/replaced by defendant Cannondale and/or REI.

**ANSWER: REI denies the allegations contained in Paragraph 14 of the Complaint.**

15.     On/or about August 21, 2022, the rear suspension linkage assembly once again failed. At the time, Mr. Fox was riding the bike on the Wissahickon Trail, and he was caused to be thrown from the bike which resulted in permanent personal injuries further described in this complaint.

**ANSWER: The allegations contained in Paragraph 15 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore denies the same.**

16.     The shock and rear suspension linkage assembly were defective in design.

**ANSWER: The allegations in Paragraph 16 of the Complaint contain legal conclusions and do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore denies the same.**

17.     The shock and rear suspension linkage assembly were improperly repaired by REI Defendants.

**ANSWER: REI denies the allegations contained in Paragraph 17 of the Complaint.**

18. It is reasonably foreseeable that an incident like on August 21, 2022 would occur, as a result of the defective product.

**ANSWER: Paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, REI denies the allegations contained in Paragraph 18 of the Complaint.**

19. Defendants failed to warn consumers that the bicycle was defective.

**ANSWER: REI denies the allegations contained in Paragraph 19 of the Complaint.**

20. Defendants are liable for the harm suffered by Jeffrey Fox.

**ANSWER: REI denies the allegations contained in Paragraph 20 of the Complaint.**

21. Plaintiff, Jeffrey Fox suffered permanent, severe and disabling personal injuries, as a result of the defective bicycle and its component parts.

**ANSWER: REI denies the allegations contained in Paragraph 21 of the Complaint.**

22. The grievous injuries of Jeffrey Fox were caused by the defective condition of the Habit Carbon - 2, Serial Number HA81263 bicycle, and were due in no manner whatsoever to any act or failure to act on the part of Plaintiff, Jeffrey Fox.

**ANSWER: REI denies the allegations contained in Paragraph 22 of the Complaint.**

23. The tortious conduct of all Defendants increased the risk of harm to Plaintiff, Jeffrey Fox and was a substantial contributing factor to his injuries, harm and losses.

**ANSWER: REI denies the allegations contained in Paragraph 23 of the Complaint.**

24. As a direct result of the tortious conduct of Defendants, Plaintiff, Jeffrey Fox suffered the following injuries, including but not limited to:

  a. Knee injuries;
  b. Torn meniscus;
  c. Cervical spine injuries;
  d. Lumbar spine injuries;
  e. Need for spine surgery;
  f. Need for epidural injections;
  g. Post medical care;
  h. Future medical care;
  i. Ruptured Baker's Cyst;
  j. Multiple MRI films;
  k. pain and suffering;
  l. physical and emotional distress;
  m. past medical expenses;
  n. incidental and other expenses;
  o. economic damages;
  p. past mental anguish;
  q. loss of life's pleasures; and
  r. other injuries and conditions documented in Plaintiffs medical records.

**ANSWER: REI denies the allegations contained in Paragraph 24 of the Complaint.**

## ANSWER TO COUNT I – STRICT LIABILITY
## (As to Defendant Cannondale)

25. The previous paragraphs are incorporated by reference as though fully set forth at length herein.

**ANSWER: REI incorporates by reference its responses to Paragraphs 1-24 of the Complaint as if fully restated herein**

26. Defendant Cannondale is in the business of designing, manufacturing, testing, assembling, marketing, distributing and selling the Habit Carbon 2, Serial Number HA81263 bicycle described in this Complaint.

**ANSWER: The allegations contained in Paragraph 26 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore denies the same.**

27. The bicycle and component parts were defective because the danger was unknowable and unacceptable to the average or ordinary consumer and/or a reasonable person would conclude that the probability and seriousness of harm caused by the product outweighed the burden or costs of taking precautions.

**ANSWER: The allegations contained in Paragraph 27 of the Complaint do not pertain to REI and contain legal conclusions to which no response is required. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore denies the same.**

28. The subject bicycle and component parts were defective and unreasonably dangerous to the ultimate users, operators or consumers, including Plaintiff Jeffrey Fox, pursuant to both a risk-benefit analysis and a consumer expectation analysis, when it was designed, manufactured, tested, assembled, marketed, distributed and sold by Defendant Cannondale for reasons including but not limited to the following:

   a. the bicycle and component parts were defective and unreasonably dangerous because it was not designed, manufactured, tested nor assembled properly and adequately attached and/or secured in order to prevent, and/or protect a person, including Plaintiff, from part failure and personal injuries;

   b. the bicycle and component parts were defective and unreasonably dangerous because it was not designed, manufactured, tested nor assembled properly and adequate size to prevent, and/or protect a person, including Plaintiff, from part failure and personal injuries;

   c. the bicycle and component parts were defective and unreasonably dangerous because it was not designed, manufactured, tested nor assembled properly, and/or protect a person, including Plaintiff, from bicycle and component parts;

   d. the bicycle and component parts were defective and unreasonably dangerous because it was not designed, manufactured, tested nor assembled properly, and/or protect a person, including Plaintiff, from part failure and personal injuries;

   e. the bicycle and component parts were defective and unreasonably dangerous because it was not designed, manufactured, tested nor assembled properly that met industry safety standards to prevent, and/or protect a person, including Plaintiff, from serious personal injury;

      f.   the bicycle and component parts were designed and manufactured in such a way as to leave present a latent defect that made the product more dangerous than the consumer, and in particular, the Plaintiff, would expect;

      g.   the bicycle and component parts were designed and manufactured in such a way as to be inherently dangerous in that the design of the rear suspension link assembly failed to prevent and/or protect a person, including Plaintiff, serious personal injury; and

      h.   The bicycle and component parts were generally defective and unreasonably dangerous in their design, manufacture, assembly and warnings because the packaging failed to provide adequate protection when being used as advertised and marketed in that the packaging was furnished without adequate warnings.

**ANSWER: The allegations contained in Paragraph 28 of the Complaint do not pertain to REI and contain legal conclusions to which no response is required. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore denies the same.**

29. For the reasons set forth above, the bicycle was unreasonably dangerous to foreseeable users, operators or consumers, including Plaintiff Jeffrey Fox.

**ANSWER: The allegations contained in Paragraph 29 of the Complaint do not pertain to REI and contain legal conclusions to which no response is required. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore denies the same.**

30. The defects described above directly and proximately caused Plaintiff Jeffrey Fox's devastating and catastrophic personal and economic injuries.

**ANSWER: The allegations contained in Paragraph 30 of the Complaint do not pertain to REI and contain legal conclusions to which no response is required. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore denies the same.**

31. As the result of the defects of the bicycle and component parts described above, Defendant Cannondale is strictly liable to Plaintiff Jeffrey Fox.

**ANSWER: The allegations contained in Paragraph 31 of the Complaint do not pertain to REI and contain legal conclusions to which no response is required. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore denies the same.**

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for all actual and compensatory damages in an amount in excess of the prevailing federal arbitration limit and for any other further relief as this Honorable Court and/or jury may deem just and proper.

**ANSWER: REI denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" Paragraph following Paragraph 31 of the Complaint.**

### ANWER TO COUNT II – BREACH OF WARRANTY
### (As to Defendant Cannondale)

32.     The previous paragraphs are incorporated by reference as though fully set forth at length herein.

**ANSWER: REI incorporates by reference their responses to Paragraphs 1-31 of the Complaint as if fully restated herein**

33.     Defendant Cannondale is in the business of designing, manufacturing, testing, assembling, marketing, distributing and selling the icing tube and cap described in this Complaint.

**ANSWER: The allegations contained in Paragraph 33 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore denies the same.**

34.     Upon information and belief, Defendant Cannondale breached both the express and implied warranties, including the warranty of merchantability, in that this product, identified as the icing tube and cap, were not of the fair average quality and standard, and the warranty of fitness for a particular purpose.

**ANSWER: The allegations contained in Paragraph 34 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore denies the same.**

35. Upon information and belief Defendant Cannondale improperly warranted the goods fit for the ordinary purpose intended, fully knowing that the bicycle and component parts would be used by persons such as the Plaintiff.

**ANSWER: The allegations contained in Paragraph 35 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore denies the same.**

36. Upon information and belief, Defendant Cannondale improperly warranted to the Plaintiff Jeffrey Fox and others that the bicycle and component parts were in compliance with local, state and federal regulations and rules in the United States of America.

**ANSWER: The allegations contained in Paragraph 36 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore denies the same.**

37. Plaintiff Jeffrey Fox could not by the exercise of reasonable care, have discovered the defect or perceived its danger.

**ANSWER: The allegations contained in Paragraph 37 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore denies the same.**

38. As the result of the breach of express and implied warranties, Defendant Cannondale is liable to Plaintiff Jeffrey Fox.

**ANSWER: The allegations contained in Paragraph 38 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore denies the same.**

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for all actual and compensatory damages in an amount in excess of the prevailing federal arbitration limit and for any other further relief as this Honorable Court and/or jury may deem just and proper.

**ANSWER: REI denies that Plaintiffs are entitled to any of the relief sought in the "WHEREFORE" Paragraph following Paragraph 38 of the Complaint.**

### ANSWER TO COUNT III – FAILURE TO WARN
### (As to Defendant Cannondale)

39. The previous paragraphs are incorporated by reference as though fully set forth at length herein.

**ANSWER: REI incorporates by reference their responses to Paragraphs 1-38 of the Complaint as if fully restated herein**

40. Upon information and belief and at all relevant times, Defendant Cannondale, knowing of the latent dangerous condition of the bicycle resulting from the aforementioned design and manufacturing defects, sold this product and failed to provide any warning of the dangerous condition that was prominent and understandable to foreseeable users or consumers, including Plaintiff Jeffrey Fox.

**ANSWER: The allegations contained in Paragraph 40 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and therefore denies the same.**

41. As the result of the failure to warn, Defendant Cannondale is liable to Plaintiff Jeffrey Fox.

**ANSWER: The allegations contained in Paragraph 41 of the Complaint do not pertain to REI and therefore do not require a response. To the extent a response is required, REI lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and therefore denies the same.**

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for all actual and compensatory damages in an amount in excess of the prevailing federal arbitration limit and for any other further relief as this Honorable Court and/or jury may deem just and proper.

**ANSWER: REI denies that Plaintiffs are entitled to any of the relief sought in the "WHEREFORE" Paragraph following Paragraph 41 of the Complaint.**

### ANSWER TO COUNT IV – NEGLIGENCE
### (As to Defendant REI)

42. The previous paragraphs are incorporated by reference as though fully set forth at length herein.

**ANSWER: REI incorporates by reference their responses to Paragraphs 1-41 of the Complaint as if fully restated herein**

43. Defendant REI and REI Co Op Store are/were negligent in the following respects:

   a. Failure to properly repair bicycle;
   b. Failure to obtain appropriate parts;
   c. Failure to test repairs;
   d. Failure to recognize assembly parts were defective;
   e. Improperly installing repair parts;
   f. Installing defective parts; and
   g. Returning defective parts to Plaintiff

**ANSWER: REI denies the allegations contained in Paragraph 43 of the Complaint. Defendant REI Co-Op Store is a fictitious name, and, as such, is not a distinct legal entity.**

65. For the reasons set forth above, the bicycle was unreasonably dangerous to foreseeable users, operators or consumers, including Plaintiff Jeffrey Fox.

**ANSWER: REI denies the allegations contained in Paragraph 44 of the Complaint (improperly enumerated as Paragraph 65). Defendant REI Co-Op Store is a fictitious name, and, as such, is not a distinct legal entity.**

66. The negligence described above directly and proximately caused Plaintiff Jeffrey Fox's personal and economic injuries.

**ANSWER: REI denies the allegations contained in Paragraph 45 (improperly enumerated as Paragraph 66) of the Complaint. Defendant REI Co-Op Store is a fictitious name, and, as such, is not a distinct legal entity.**

67. As the result of the failure to repair the bicycle described above, REI Defendants are liable to Plaintiff, Jeffrey Fox.

**ANSWER: REI denies the allegations contained in Paragraph 46 (improperly enumerated as Paragraph 67) of the Complaint. Defendant REI Co-Op Store is a fictitious name, and, as such, is not a distinct legal entity.**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all actual and compensatory damages in an amount in excess of the prevailing federal arbitration limit and for any other further relief as this Honorable Court and/or my may deem just and proper.

**ANSWER: REI denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" Paragraph following Paragraph 46 (improperly enumerated as Paragraph 67) of the Complaint.**

**REI expressly denies all allegations contained in the Complaint that are not specifically admitted, qualified, or explained herein.**

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred or reduced to the extent Plaintiff failed to mitigate his damages.

4. Plaintiff's alleged damages are the result of his own negligent actions.

5. REI hereby asserts the terms and provisions of the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. §7102, as an affirmative defense to the claims raised in this action.

6. Plaintiff assumed the risk of his injuries, and, therefore, cannot recover from REI.

7. To the extent that the evidence reveals that the subject vehicle was not properly maintained or that the subject vehicle was misused, altered, abused, or substantially changed from its original condition prior to the subject accident, Plaintiffs' claims are barred as a matter of law. REI asserts product misuse, abuse, alteration, and substantial chance as defenses to Plaintiff's claims.

8. Plaintiffs' alleged damages are the result of actions by third parties over which REI did not exercise any control.

9. Plaintiff's alleges damages were the result of intervening and/or superseding causes for which REI is not responsible.

10. REI reserves the right to assert any additional affirmative defenses that it determines to be applicable during discovery.

**WHEREFORE**, Defendant Recreational Equipment, Inc. respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice with respect to REI, award REI its costs, including attorneys' fees, and grant any other relief in favor of REI that the Court deems just and proper.

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**

Date: 2/4/2025

*/s/ Justin L. Monday*
Justin L. Monday (admitted *pro hac vice*)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
jmonday@beneschlaw.com

-and-

John C. Gentile (PA Id. No. 322159
One Liberty Place
1650 Market Street, 36th Floor

> Philadelphia, PA 19103
> Telephone: (267) 207-2947
> Facsimile: (267) 207-2949
> jgentile@beneschlaw.com
>
> *Counsel for Defendant*
> *Recreational Equipment, Inc.*

# JURY DEMAND

The Individual Defendants demand that this matter, or any claims subject to a jury trial, be tried before the maximum number of jurors permitted by Pennsylvania law.

> **BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**

Date: 2/4/2025

> */s/ Justin L. Monday*
> Justin L. Monday (admitted *pro hac vice*)
> 127 Public Square, Suite 4900
> Cleveland, Ohio 44114
> Telephone: (216) 363-4500
> Facsimile: (216) 363-4588
> jmonday@beneschlaw.com
>
> -and-
>
> John C. Gentile (PA Id. No. 322159
> One Liberty Place
> 1650 Market Street, 36th Floor
> Philadelphia, PA 19103
> Telephone: (267) 207-2947
> Facsimile: (267) 207-2949
> jgentile@beneschlaw.com
>
> *Counsel for Defendant*
> *Recreational Equipment, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Answer and Affirmative Defenses for Defendant Recreational Equipment, Inc.* was filed electronically on February 4, 2025. Copies of REI's Answer will be served on all counsel of record via the Court's electronic filing system.

|  |  |
|---|---|
|  | **BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP** |
| Date: 2/4/2025 | */s/ Justin L. Monday* <br> Justin L. Monday (admitted *pro hac vice*) <br> 127 Public Square, Suite 4900 <br> Cleveland, Ohio 44114 |
|  | ***Counsel for Defendant*** <br> ***Recreational Equipment, Inc.*** |